**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiffs*
Our File No.: 112754

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Lynette Giordano and Theresa Buccilli, | Docket No: |
| Plaintiffs, | **COMPLAINT** |
| vs. | JURY TRIAL DEMANDED |
| Allied Interstate LLC, | |
| Defendant. | |

Lynette Giordano and Theresa Buccilli (hereinafter referred to collectively as "*Plaintiffs*"), by and through the undersigned counsel, complain, state and allege against Allied Interstate LLC (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

1

## PARTIES

5. Plaintiff Lynette Giordano ("Plaintiff Giordano") is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

6. Plaintiff Theresa Buccilli ("Plaintiff Buccilli") is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

7. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant Allied Interstate LLC, is a Ohio Limited Liability Company with a principal place of business in Franklin County, Ohio.

9. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

11. Defendant alleges each of the Plaintiffs owe a debt ("the Debts").

12. The Debts were primarily for personal, family or household purposes and are therefore "debts" as defined by 15 U.S.C. § 1692a(5).

13. Sometime after the incurrence of the Debts, Plaintiffs fell behind on payments owed.

14. Thereafter, at an exact time known only to Defendant, the Debts were assigned or otherwise transferred to Defendant for collection.

15. In its efforts to collect the debt alleged owed by Plaintiff Giordano, Defendant contacted Plaintiff Giordano by letter ("the Giordano Letter") dated November 21, 2016. ("**Exhibit 1**.")

16. In its efforts to collect the debt alleged owed by Plaintiff Theresa Buccilli, Defendant contacted Plaintiff Theresa Buccilli by letter ("the Buccilli Letter") dated November 11, 2016. ("**Exhibit 1**.")

17. The Giordano Letter was the initial communication Plaintiff Giordano received from Defendant.

18. The Buccilli Letter was the initial communication Plaintiff Buccilli received from Defendant.

19. The Letters are "communications" as defined by 15 U.S.C. § 1692a(2).

BARSHAY | SANDERS<sub>PLLC</sub>
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

## FIRST COUNT
### Violation of 15 U.S.C. §§ 1692e and 1692g
### Debt Validation
### AS TO BOTH PLAINTIFFS

20. Plaintiffs repeat and reallege the foregoing paragraphs as if fully restated herein.

21. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

22. 15 U.S.C. § 1692g(a)(3) requires the notice to include a statement that unless the consumer, within thirty days of receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed valid by the debt collector.

23. There is no requirement that the consumer dispute the debt in writing.

24. It is a violation of the FDCPA to require disputes be made in writing.

25. It is a violation of the FDCPA to include language in the letter that overshadows the required 15 U.S.C. § 1692g(a)(3) statement.

26. It is a violation of the FDCPA to include language in the letter that contradicts the required 15 U.S.C. § 1692g(a)(3) statement.

27. It is a violation of the FDCPA to include language in the letter that, when examined from the perspective of the least sophisticated consumer, overshadows the required § 1692g(a)(3) statement.

28. It is a violation of the FDCPA to include language in the letter that, when examined from the perspective of the least sophisticated consumer, contradicts the required § 1692g(a)(3) statement.

29. It is a violation of the FDCPA to include language in the letter that, when examined from the perspective of the least sophisticated consumer, leads the least sophisticated consumer to believe that her dispute must be made in writing.

30. The Giordano Letter dictates that Plaintiff Giordano should correspond with Defendant, other than payments, at: Allied Interstate LLC, PO Box 361445, Columbus, Ohio, 43236.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

31. The Buccilli Letter dictates that Plaintiff Buccilli should correspond with Defendant, other than payments, at: Allied Interstate LLC, PO Box 361445, Columbus, Ohio, 43236.

32. Disputes need not be in writing. *Hooks v. Forman, Holt, Eliades & Ravin, LLC*, 717 F.3d 282 (2d Cir. 2013).

33. Disputes may be made orally.

34. The language in the Letters concerning correspondence with Defendant overshadows the required 15 U.S.C. § 1692g(a)(3) statement.

35. The language in the Letters concerning correspondence with Defendant contradicts the required 15 U.S.C. § 1692g(a)(3) statement.

36. The language in the Letters concerning correspondence with Defendant, when examined from the perspective of the least sophisticated consumer, overshadows the required § 1692g(a)(3) statement.

37. The language in the Letters concerning correspondence with Defendant, when examined from the perspective of the least sophisticated consumer, contradicts the required § 1692g(a)(3) statement.

38. The language in the Letters concerning correspondence with Defendant, when examined from the perspective of the least sophisticated consumer, leads the least sophisticated consumer to believe that her dispute must be in writing.

39. Defendant has violated § 1692g, as the above-referenced language overshadows the information required to be provided by that Section. *See Vetrano v. CBE Grp., Inc.*, 2016 WL 4083384 (E.D.N.Y. Aug. 1, 2016).

40. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

41. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

42. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

43. The question of whether a collection letter is deceptive is determined from perspective of the "least sophisticated consumer."

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

4

44. The subject Letters could be reasonably interpreted by the least sophisticated consumer as incorrectly representing that a dispute must be communicated in writing. *See Vetrano v. CBE Grp., Inc.*, 2016 WL 4083384 (E.D.N.Y. Aug. 1, 2016); *Balke v. Alliance One Receivables Management, Inc.*, No. 16-CV-5624(ADS)(AKT), 2017 WL 2634653 (E.D.N.Y. June 19, 2017).

45. Because the Letters are reasonably susceptible to an inaccurate reading, as described above, they are deceptive within the meaning of the FDCPA.

46. The least sophisticated consumer would likely be deceived by the Letters.

47. The least sophisticated consumer would likely be deceived in a material way by the Letters.

48. The misrepresentation is material because it could impede the least sophisticated consumer's ability to respond to the letter or dispute the debt.

49. Defendant has violated § 1692e by using false, deceptive, and misleading representations in its attempts to collect the subject debts.

### SECOND COUNT
### Violation of 15 U.S.C. §§ 1692e and 1692g
### Amount of the Debt
### AS TO BOTH PLAINTIFFS

50. Plaintiffs repeat and reallege the foregoing paragraphs as if fully restated herein.

51. Plaintiff Giordano's Debt was incurred on a Walmart credit card, underwritten by Synchrony Bank.

52. Plaintiff Buccilli's Debt was incurred on a Lowe's credit card, underwritten by Synchrony Bank.

53. The Giordano Letter sets forth an "Amount Owed" of $1,307.00.

54. The Buccilli Letter sets forth an "Amount of Owed" of $4,116.00.

55. The Giordano Letter further states, "As of the date of this letter, the Amount Owed is $1,307.00. Because the creditor continues to assess interest on the debt, the amount due on the day you pay may be greater."

56. The Buccilli Letter further states, "As of the date of this letter, the Amount Owed is $4,116.00. Because the creditor continues to assess interest on the debt, the amount due on the day you pay may be greater."

57. The Letters fails to provide information that would allow Plaintiffs to determine what Plaintiffs will need to pay to resolve their debts at any given moment in the future.

58. The Letters fails to provide information that would allow the least sophisticated consumer to determine what he or she will need to pay to resolve either respective debt at any given moment in the future.

59. The Letters fail to provide information that would allow the least sophisticated consumer to determine the amount of interest owed.

60. For instance, the Letter fails to indicate the applicable interest rate.

61. For instance, the Letters fail to indicate the date of accrual of interest.

62. For instance, the Letters fail to indicate the amount of interest during any measurable period.

63. The Letters fail to contain an explanation, understandable by the least sophisticated consumer, of any fees and interest that may cause the respective amounts stated to increase.

64. The Letters fails to state what part of the respective amounts stated is attributable to principal.

65. The Letters fail to state what part of the respective amounts stated is attributable to interest.

66. The Letters fail to state what part of the respective amounts stated is attributable to late fees.

67. The Letters fail to state what part of the respective amounts stated is attributable to other fees.

68. The Letters fail to state that the creditor will accept payment of the respective amounts set forth in full satisfaction of the debts if payment is made by a specified date.

69. The Letters, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the minimum amount owed at the time of the Letters.

70. The Letters, because of the aforementioned failures, would render the least sophisticated consumer unable to determine what she will need to pay to resolve the debts at any given moment in the future.

71. The Letters, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

6

72. The Letters, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of her debt because the consumer would not know whether interest and fees would continue to accrue, or whether the amount of the debt was static.

73. The Letters, because of the aforementioned failures, did not convey "the amount of the debt" clearly from the perspective of the least sophisticated consumer.

74. The Letters, because of the aforementioned failures, did not convey "the amount of the debt" accurately from the perspective of the least sophisticated consumer.

75. The Letters, because of the aforementioned failures, did not convey "the amount of the debt" without ambiguity from the perspective of the least sophisticated consumer.

76. The Letters, because of the aforementioned failures, violate 15 U.S.C. § 1692e and 15 U.S.C. § 1692g. *See Balke v. Alliance One Receivables Management, Inc.*, No. 16-cv-5624(ADS)(AKT), 2017 WL 2634653 (E.D.N.Y. June 19, 2017).

## JURY DEMAND

77. Plaintiffs hereby demand a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request judgment as follows:

a. Damages against Defendant in favor of Plaintiff Lynette Giordano pursuant to 15 U.S.C. § 1692k; and

b. Damages against Defendant in favor of Plaintiff Theresa Buccilli pursuant to 15 U.S.C. § 1692k; and

c. Plaintiffs' attorneys' fees pursuant to 15 U.S.C. § 1692k; and

d. Plaintiffs' costs; all together with

e. Such other relief that the Court determines is just and proper.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

DATED: November 21, 2017

        **BARSHAY SANDERS, PLLC**

        By:   */s/ Craig B. Sanders*
        Craig B. Sanders, Esq.
        100 Garden City Plaza, Suite 500
        Garden City, New York 11530
        Tel: (516) 203-7600
        Fax: (516) 706-5055
        csanders@barshaysanders.com
        *Attorneys for Plaintiffs*
        Our File No.: 112754